IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| MARY R. PELLICORO<br>18206 Windsor Hill Drive<br>Olney, MD 20832,<br><br>      Plaintiff<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA<br>TRANSIT AUTHORITY,<br>A Public Corporation<br>600 5th Street NW<br>Washington, DC 20001<br><br>Serve: Paul J. Wiedefeld<br>       General Manager and CEO<br>       WMATA<br>       600 5th Street NW<br>       Washington, DC 20001<br><br>And<br><br>DAMATA J. LEE<br>1203 Valley Leaf Court<br>Edgewood, MD 21040,<br><br>      Defendants. | * * * * * * * * * *   Case No.:<br>* * * * * * * * * * * * * * * * * * * * * |

**COMPLAINT FOR PERSONAL INJURY**
**Jurisdiction and Parties**

1.  That this Court has jurisdiction in that the Plaintiff Mary R. Pellicoro, is a resident of Montgomery County, Maryland; that his incident occurred in Montgomery County, Maryland on June 1, 2019; and, that the amount in controversy exceeds $30,000.00.

2.  That at all times herein mentioned, Defendant, the Washington Metropolitan Area Transit Authority (hereinafter WMATA) was and is a tri-jurisdictional quasi governmental

- 1 -

agency acting as a transit authority that operated and operates a transportation business, which includes bus transit; and, that the operation of said transit operation was and is in three jurisdictions in the Washington Metropolitan Area.

3. That one of the three jurisdictions in which WMATA operated was and is Maryland, which includes Montgomery County.

4. That at all times herein mentioned, WMATA was the owner of the transit bus that was involved in the June 1st collision, and which was being operated by Damata Lee, a Maryland resident and WMATA employee, during the course and scope of his employment for WMATA and while acting on behalf of and for the benefit of WMATA.

## COUNT ONE
### (Claim Against Defendant WMATA)

5. That at all times herein mentioned Plaintiff was riding her bicycle northbound on Prince Phillip Drive, near its intersection with Spartan Road, in Olney, Maryland.

6. That on the aforementioned date and at the same location, Defendant WMATA's bus was also proceeding northbound on Prince Phillip Drive, behind the Plaintiff.

7. That Prince Phillip Drive at this location was one lane in each direction.

8. That as the Plaintiff was riding her bicycle she extended her left arm in order to signify her intention to make a left turn at Spartan Road.

9. That as Plaintiff began her left turn, the WMATA bus pulled into the southbound lane of Prince Phillip Drive in order to pass the Plaintiff, and as it did so it collided broadside with the Plaintiff as she was making her left turn.

10. That the collision and the resulting injuries to Plaintiff were caused without any

negligence on the part of said Plaintiff, but solely as a proximate result of the negligence, carelessness, and recklessness of the Defendant WMATA in that its employee drove the WMATA bus in such a manner heretofore mentioned and described that he caused it to collide with the Plaintiff's bicycle, and that said collision was caused by reason of Defendant WMATA in that its employee failed to give full time and attention to driving, failed to operate his vehicle so as to prevent it from colliding, driving on the wrong side of the road, failed to safely pass a moving vehicle, failed to yield the right of way to a bicycle, failed to heed a properly designated left turn signal, reckless driving, and failed to obey traffic regulations then and there in full force and effect.

11. That as a direct and proximate result of Defendant WMATA's negligence as aforesaid, Plaintiff sustained painful and permanent injury to her person, consisting of, but not limited to, extreme shock of mind, body and nervous system; and, by reason of the negligence of the Defendant WMATA in causing the aforesaid injuries, Plaintiff lost time from her employment, incurred medical expenses and in the future will incur medical expenses with respect to her injury.

## COUNT TWO
### (Claim Against Damata J. Lee)

12. That Plaintiff incorporates, by reference Paragraphs 1 through 9 from Court One and makes them a part hereof.

13. That as Defendant Lee was following behind the Plaintiff, he acted in a negligent, careless, and reckless manner when he pulled into the lane of oncoming traffic to pass the Plaintiff while operating the WMATA bus on the wrong side of the road; and, as a result thereof

he caused the WMATA bus to collide with the Plaintiff as she was in the process of making a left turn.

16. That as Defendant Lee was following behind the Plaintiff, he acted in a negligent and reckless manner in that he failed to recognize and/or respond to and/or obey a left turn hand signal that was displayed by the Plaintiff as she was turning from Prince Phillip Drive onto Spartan Road.

15. That the collision and the resulting injuries to Plaintiff were caused without any negligence on the part of said Plaintiff, but solely as a proximate result of the negligence, carelessness, and recklessness of Defendant Lee in that he operated his employer's bus in such a manner heretofore mentioned and described that he caused it to collide with the Plaintiff, and that said collision was caused by reason of Defendant Lee's failure to give full time and attention to driving, failure to operate his vehicle so as to prevent it colliding, driving on the wrong side of the road, improper passing, failure to yield to a bicycle that had properly designated a left turn signal, negligent operation of a motor vehicle, reckless driving, and failure to obey traffic regulations then and there in full force and effect.

16. That as a proximate result of Defendant Lee's negligence as aforesaid, Plaintiff sustained painful and permanent injury to her person, consisting of, but not limited to, extreme shock of mind, body and nervous system; and, by reason of the negligence of the Defendant Lee in causing the aforesaid injuries, Plaintiff lost time from her employment, incurred medical expenses and in the future will incur medical expenses with respect to her injury.

WHEREFORE, Plaintiff prays judgment against Defendants WMATA and Lee, jointly and or severally, in a sum in excess of Eighty Thousand Dollars ($80,000.00), plus costs.

Respectfully submitted,

LAW OFFICES OF DAVID S. GREENE, LLC
BY: *David S. Greene* /s/
David S. Greene
MCPF ID: 6711010053
401 N. Washington Street, Suite 500
Rockville, MD 20850
(301) 279-7600
dgreene@dgreenelaw.com
Counsel for Plaintiff